IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| HEARING COMPONENTS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:07CV104 |
| v. | § | |
| | § | |
| SHURE, INC., | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

Plaintiff Hearing Components, Inc. filed suit against Defendant Shure, Inc. on May 2, 2007 alleging infringement of U.S. Patent Nos. 4,880,076; 5,002,151; and 5,401,920. All of the patents involve hearing aid earpiece technology.

Shure moved to amend its invalidity contentions with respect to the '076 and '151 patents, arguing that amendment is necessary because Shure has identified additional prior art references in Hearing Components's document production, obtained several other prior art documents and product samples from a non-party, and concluded that certain claim terms in the '076 patent are invalid for indefiniteness and/or lack of enablement. Hearing Components responds that Shure served its invalidity contentions, comprising over 100 pages, more than eight months ago and that permitting Shure to amend its contentions at this point would be highly prejudicial, especially since Shure cannot demonstrate good cause.

Because good cause to amend the invalidity contentions exists, the court will grant Shure's motion.

**Discussion**

A. Applicable Law

Local Patent Rule 3-6(b), provides:

Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

This rule incorporates Fed. R. Civ. P. 16(b)'s "good cause" requirement. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004). To determine whether late filed infringement contentions should be allowed, the court must consider the kinds of factors identified as important in deciding whether infringement contentions should be excluded. *See, e.g., Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624-25 (E.D. Tex. 2007). A non-exclusive list of factors considered by courts includes:

1. The danger of unfair prejudice to the non-movant;

2. The length of the delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant;

4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and

5. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

B.  Whether "Good Cause" Exists

  *1.  Reason for Delay, Movant's Diligence, and Effect on Court's Schedule*

  Shure filed its Invalidity Contentions on October 15, 2007.  It argues that while Hearing Components produced the patent prior art references Shure seeks to add in January 2008, because the references were produced as part of an avalanche of paper and native application data, Shure only became aware of these references in April 2008.  Additionally, Shure argued that it received other prior art references from a non-party in February 2008, and that these documents were not authenticated until the following month.  Finally, Shure argues that it was not aware that two of the terms in independent claim 1 of the '076 patent were not enabled until two of the inventors of the patents-in-suit were deposed in March 2008 and Shure was able to follow up on their testimony with its own expert.  Hearing Components responds that by seeking to add these prior references and additional invalidity arguments under 35 U.S.C. § 112, Shure is attempting to "start over" on its invalidity case and permitting amendment would require Hearing Components to do the same at enormous expense.

  The court does not agree that permitting Shure to add a limited number of new prior art references and include an invalidity defense with respect to only one additional independent claim of the '076 patent is likely to delay any proceedings, or require Hearing Components to start from scratch on invalidity case.  Trial in this case is not set until January 2009, and the Markman hearing is still more than one month away.

  Examination of the time line in this case indicates that while there was some delay, it was not inordinate.  Shure's delay can be expected when a party conducts a proper investigation into the merits of its potential defenses.  This factor only slightly against granting leave to amend.

*2. Unfair prejudice*

As noted *supra*, the claim construction hearing has not yet occurred and trial is still seven months away. Discovery does not close for more than four months, and as of the date the motion was filed, Hearing Components had not yet taken any depositions. Granting Shure's motion would permit Hearing Components sufficient time to address these new prior art references and invalidity defenses with its experts and prepare for depositions and trial accordingly. This factor weighs in favor of granting leave to amend.

*3. Importance of the amendment*

Shure argues that two of the patents discovered in Hearing Components' document production render many of the claims of the '076 patent obvious because they disclose a combination of barb and flange in an earpiece that Shure contends has not been shown in a single prior art reference disclosed to date. These two patents, as well as a third discovered in the document production, also allegedly anticipate and/or render several claims of the '151 patent obvious. Several claims of the '076 and '151 patents are allegedly rendered obvious by the Hal-Hen publications and product samples, and Shure argues that the deposition testimony of the inventors, combined with Shure's own technical assessment, renders independent claim 1 and dependent claims 2-7 of the '076 patent invalid under Section 112. Hearing Components does not address the importance of the amendment in its response.

Because Shure has pointed to several ways in which addition of these references and invalidity defenses could be important to its case and Hearing Components does not dispute Shure's contentions on this point, this factor also weighs in favor of granting leave to amend.

IT IS THEREFORE ORDERED that Defendant Shure, Inc.'s Motion For Leave to Amend its Preliminary Invalidity Contentions [Doc. # 49] is GRANTED.

So **ORDERED** and **SIGNED** this **5**   day of **June, 2008.**

_____
Ron Clark, United States District Judge