IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| HEARING COMPONENTS, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 9:07-CV-104 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| SHURE, INC. | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

It has been the court's experience that, if a plethora of grounds for summary judgment truly exists, a motion focusing on a party's best argument will concisely and clearly explain why there is no material issue of fact such that the movant is entitled to judgment as a matter of law. Accordingly, this court required counsel to submit a "letter brief" of no more than five pages to explain why a client should incur the cost of preparing more than one motion for summary judgment, and why the court should spend its time studying them [Doc. # 40]. The court's resources are too limited, and the cost to clients far too high, to allow the filing of each and every possible motion in patent cases. Such mountains of paperwork do not "educate" the court and preserve no error.

Shure has filed a six page motion, to which is attached eleven exhibits consisting of no fewer than 104 pages. *See* Doc. # 82. The motion asserts that there are at least four grounds for invalidity, evidently because Shure is not really sure which of these is sound. Shure's argument can best be summarized as "Any one of these references anticipates the patents, but, if not, one of

a mathematically limited number of combinations makes them obvious – and if that's not correct, then the claims are indefinite – or maybe one of skill in the art could not determine from the specification how to make and use the invention without undue experimentation."

The court is confident that by the time of trial, Shure and its experts will have decided which of these theories is persuasive and how to cogently present them.  In the meantime, there is no reason to believe that permitting the filing of such a convoluted morass of theories will in any way help to "secure the just, speedy, and inexpensive determination" of this action.  *See* Fed. R. Civ. P. 1.

IT IS THEREFORE ORDERED that Defendant Shure, Inc.'s Motion to File an Additional Summary Judgment Motion on Invalidity [Doc. # 82] is DENIED.

So **ORDERED** and **SIGNED** this **16** day of **October, 2008.**

_____
Ron Clark, United States District Judge